# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES EDWARD ALEXANDER,** | ) | |
| **ID # 47056-177,** | ) | |
| **Movant,** | ) | **No. 3:17-CV-1569-N-BH** |
| **vs.** | ) | **No. 3:13-CR-416-N-BH (1)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Movant's Motion to Vacate, Correct or Set-Aside Sentence Pursuant to 28 U.S.C. § 2255*, received June 13, 2017 (doc. 2), should be **DENIED** with prejudice.

## I.  BACKGROUND

James Edward Alexander (Movant) challenges his federal conviction and sentence in Cause No. 3:13-CR-416-N(1).  The respondent is the United States of America (Government).

On October 22, 2013, Movant was charged by indictment with conspiracy to distribute and to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii).  (*See* doc. 22.)[1]  He pled guilty to the indictment on May 28, 2014.  (*See* doc. 193 at 9.)  He executed a factual resume in which he stipulated to facts regarding the offense.  (*See* doc. 66.)

The United States Probation Office (USPO) filed a Presentence Report (PSR) on August 19, 2014, and it filed an addendum on September 19, 2014.  (docs. 101-1; 115-1).  Applying the 2013 United States Sentencing Guidelines Manual (USSG), the PSR found a base offense level of 30. *See*

---

[1]    Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:13-CR-416-N(1).

doc. 115-1 at 2, ¶ 32; at 3, ¶ 33.)  Two offense levels were added under USSG § 2D1.1(b)(1) because Movant possessed a firearm.  (*See id.*, ¶ 34.)  Two offense levels were added under USSG § 2D1.1(b)(12) because Movant maintained a premises for the purpose of manufacturing or distributing a controlled substance.  (*See id.*, ¶ 35.)  Four offense levels were added under USSG § 3B1.1(a) because Movant had a leadership role.  (*See id.*, ¶ 37.)  Two offense levels were added under USSG § 3C1.2 because Movant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer by driving his vehicle in a reckless and dangerous manner and throwing cocaine out the car window.  (*See id.* at 4, ¶ 38; doc. 66 at 3-4; doc. 101-1 at 8, ¶ 29.)  Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 37.  (*See* doc. 115-1 at 4, ¶¶ 41, 43.)

At the sentencing hearing on August 5, 2015, two levels were deducted based on the 2014 amendments to the USSG for certain drug offenses.  (*See* doc. 194 at 10.)  With a criminal history category of two, the resulting guideline range was 188-235 months.  (*See id.*; doc. 101-1 at 12, ¶ 50.)  Movant was sentenced to 208 months' imprisonment.  (*See* doc. 183 at 2.)  On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the appeal was dismissed.  (*See* doc. 199; *United States v. Alexander*, No. 15-10814 (5th Cir. Aug. 16, 2016)).

In his § 2255 motion, Movant raises the following grounds:

(1)    His sentence was enhanced by the unconstitutionally vague residual clause; and

(2)    Counsel was ineffective for failing to object to the sentencing enhancements.

(3:17-CV-1569-N, doc. 2 at 2, 4.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for

a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.  SENTENCE ENHANCMENTS

Movant contends that his sentence was enhanced by the unconstitutionally vague residual clause, but he does not specify the sentencing enhancement that he is challenging.

In *Johnson v. United States*, 135 S.Ct. 2551 (2015), the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the

Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

Movant was not sentenced under the ACCA, however. His offense level was increased based on sentencing guidelines, including USSG § 3C1.2. The sentencing guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles v. United States*, 137 S.Ct. 886, 895 (2017). To the extent that Movant is challenging the two-level increase under USSG § 3C1.2 for recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, or one of the other offense level increases under the sentencing guidelines, his claim lacks merit.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant contends counsel was ineffective for failing to object to the sentence enhancements.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

4

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Movant does not identify any sentence enhancements that were objectionable.  He asserts that counsel's failure to object to sentence enhancements resulted in violation of his due process rights.  His conclusory claim is insufficient to obtain relief under § 2255.  *United States v. Woods*, 870 F.2d at 288 n.3.

To the extent he claims that counsel failed to object to an unconstitutionally vague sentence enhancement, his claim lacks merit.  As discussed, the offense level increases under the sentencing guidelines were not subject to a challenge for vagueness.  *See Beckles*, 137 S.Ct. at 895.  Counsel was not ineffective for failing to raise a meritless argument.  *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (counsel is not ineffective for failing to raise a meritless argument).

### V.  EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

### VI.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 15th day of June, 2017.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7